UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER BAILEY,<br><br>Defendant. | No. 23-CV-5306<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned attorneys, brings this complaint against Defendant WALTER BAILEY, and alleges the following:

**I. NATURE OF THIS ACTION**

1. Starting as early as June 2020 and continuing to the present, Defendant has conducted financial transactions with large sums of illegally obtained money, knowing that his transactions are designed to conceal the nature, source, location, ownership, and control of proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and then immediately transmitting the same money to accomplices. Defendant has transmitted money to and from accomplices using the United States Postal Service (USPS).

COMPLAINT - 1
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. §§ 1956(a), 1957, and mail, bank, or wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1344.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this District and because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## III. PARTIES

5. Plaintiff is the United States.

6. Defendant Walter Bailey is a resident of this District, residing in Poulsbo, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this District.

## IV. FACTS

### A. Defendant's Ongoing Participation in Fraud Schemes

7. Defendant facilitates one or more fraud schemes, knowing that the moneys he receives and transmits are obtained fraudulently or are counterfeit, knowing that the proceeds involved are some form of unlawful activity, and knowing that his transactions are designed to

COMPLAINT - 2
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

conceal the nature of the schemes. Defendant receives at least some financial compensation for this conduct, by being paid for receiving and submitting fraudulent negotiable instruments such as false checks through the United States Postal Service using counterfeit postage labels.

8. On or about June 2020, Defendant was approached by the Internal Revenue Service (IRS) and Federal Bureau of Investigation (FBI) regarding suspicious financial activity and transactions. Defendant stated that he had been working for certain individuals who identified themselves as Lynn and Dave for two years. Lynn and Dave would send Defendant checks as PDF files, approximately 100 a week. Defendant did not know the listed payees or recognize the addresses, which included locations around the United States and outside of Washington State. Defendant was instructed to print off these checks and mail them using either USPS or FedEx in small batches (e.g., no more than 25 packages at a time or a location), using postage labels supplied by Lynn and Dave. Defendant was paid approximately $300 per month for this work.

9. Defendant further stated he interacted with several other individuals through text and email, all of whom represented that they lived outside Washington State, and that he directed money into different accounts, made deposits into his accounts at their request, and allowed individuals to access his accounts. Defendant was informed by a banking institution that it detected suspicious activity when his accounts were accessed from locations within Africa. Defendant continued to attempt to open new bank accounts despite previous accounts being closed for suspicious activity and eventually opened Bitcoin accounts.

10. After further investigation, IRS and FBI met again with Defendant in August 2020 and informed him that it appeared he is involved in fraudulent schemes where he is

COMPLAINT - 3
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  remitting fraudulently obtained proceeds. Agents informed Defendant that he needs to stop

2  engaging in this activity. Defendant agreed.

3        11.      On or about July 29, 2021, Defendant was approached by USPS after Defendant

4  attempted to send approximately 23 Priority Mail envelopes bearing counterfeit USPS postage

5  labels at the Poulsbo, WA Post Office. USPS informed Defendant that the postage labels were

6  counterfeit and refused to accept the packages. That same day, USPS discovered 16 Express

7  Mail envelopes bearing counterfeit postal labels and identical return addresses to "Gilead

8  Sciences Inc." in a blue collection box outside the Poulsbo Post Office.

9        12.      At least several of the Express Mail envelopes had transparent windows and it

10 appeared that the contents contained checks.

11       13.      Over approximately the next week, USPS discovered at least 56 additional

12 envelopes with counterfeit postal labels in blue collection boxes at or near the Poulsbo Post

13 Office. These mailings bore the same return address to "Gilead Sciences Inc." and also

14 appeared to contain checks.

15       14.      On or about August 7, 2021, Defendant returned to the Poulsbo Post Office and

16 attempted to mail seven Express Mail envelopes. The postmaster spoke with Defendant at that

17 time. Defendant represented that he is employed to send out these mailings and had been doing

18 so for approximately three years. Defendant works from home and his employer electronically

19 sends him postage labels and checks and Defendant's role is to print these materials and then

20 mail them. Defendant voluntarily turned over the envelopes to the postmaster.

21       15.      After multiple unsuccessful attempts, USPS investigators contacted Defendant

22 in October 2021. Defendant told the USPS investigators that he responded to a work from

23 home job opportunity and had been mailing packages for approximately three years. The

COMPLAINT - 4
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

investigators informed Defendant that the checks and the postage labels were counterfeit and that the recipients were likely being defrauded by the checks.

16. On information and belief, such fraudulent check schemes operate by the victim depositing the check into their account, which is often honored, at least for a minimal amount, by the financial institution. The victim is told to withdraw some amount of the check's proceeds and send it via cash, cryptocurrency, or some other financial instrument to another recipient or account. Eventually, the financial institution determines the check is fraudulent and withdraws any forwarded funds, but by that time, the victim has already withdrawn their own legitimate funds. It may take up to 30 days for a financial institution to determine the deposited check is fraudulent. Due to this time delay, the victims believe the funds from the deposited check are valid. The types of schemes involving these fraudulent checks are lottery/sweepstakes or work from home fraud schemes. The victims of these schemes are often elderly and on a limited income.

17. USPS investigators explained these schemes to Defendant and Defendant stated he did not want to participate in any such schemes. He signed and returned a Voluntary Discontinuance Form to the USPS inspectors by October 29, 2021. The Voluntary Discontinuance Agreement advised the Defendant that he was receiving and mailing counterfeit cashier's checks and his actions were designed to facilitate a criminal enterprise. It states his continued participation of receiving and mailing of counterfeit checks would expose him to criminal or civil liability. It further states that by signing the Voluntary Discontinuance Agreement, he is freely choosing to stop participating in the above-described activities involving the counterfeit checks.

COMPLAINT - 5
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

18. Then in October 2022, the postmaster of the Tracyton, WA Post Office contacted the United States Postal Inspection Service (USPIS) of mailings bearing counterfeit postal labels with the same return address to "Gilead Sciences Inc." USPS investigators reviewed the packages along with video footage from the Post Office and determined that Defendant had attempted to mail the envelopes bearing the counterfeit postal labels.

*(1)* **Money laundering**

19. Since at least August 12, 2020, Defendant knows that emails he receives as part of his employment contain counterfeit checks and counterfeit postal labels. Yet Defendant has continued to engage in activity where he places these counterfeit checks into the United States mail, knowing that a victim will receive and deposit the check as part of a fraud scheme, and does so knowing that the checks will be involved in a financial transaction as proceeds of an unlawful activity, including mail fraud and wire fraud.

20. Further, Defendant engages in such activity with the intent to promote the carrying on of such unlawful activity or knowing that the transaction of delivering the check is designed to conceal the nature of the proceeds of the unlawful activity, including at least its source, ownership, or control of the proceeds. *See* 18 U.S.C. § 1956.

21. On information and belief, Defendant has engaged in such activity since at least August 12, 2020, with checks purporting, in total, to be a value greater than $10,000. *See* 18 U.S.C. § 1957.

*(2)* **Bank and Mail Fraud**

22. Since at least August 12, 2020, Defendant has committed or attempted to commit bank fraud by knowingly delivering moneys to execute or attempt to execute a scheme

COMPLAINT - 6
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

to defraud a federally-chartered financial institution (e.g., PNC Bank) of the value of the counterfeit check. *See* 18 U.S.C. § 1344.

23. Further, Defendant has placed such counterfeit moneys, as part of a fraudulent scheme to use such counterfeit obligations for pecuniary gain, in a United States Post Office for, at least, Poulsbo, WA and Tracyton, WA. *See* 18 U.S.C. § 1341.

24. Defendant has engaged in these fraudulent schemes and attempted to obtain financial gain through these fraudulent schemes by means of at least fraudulent and counterfeit checks and counterfeit postal labels transmitted by means of wire communications in interstate or foreign commerce. *See* 18 U.S.C. § 1343.

### B. Harm to the United States

25. The United States is suffering continuing and substantial injury from Defendant's involvement with these fraudulent schemes.

26. Defendant is continuing to facilitate such fraudulent schemes. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

### COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

27. The United States re-alleges and incorporates by reference Paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. By reason of the conduct described herein, Defendant has committed, is committing, and will likely continue to commit banking law violations as defined in 18 U.S.C. § 3322(d), including, at least (1) money laundering with intent to conceal, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); (2) engaging in monetary transactions in property derived from

COMPLAINT - 7
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

specified unlawful activity in an amount over $10,000, in violation of 18 U.S.C. § 1957; (3) bank fraud, in violation of 18 U.S.C. § 1344; (4) illegal frauds and swindles using the United States Postal Service, in violation of 18 U.S.C. § 1341; and (5) fraud by wire affecting interstate or foreign commerce, in violation of 18 U.S.C. § 1343.

29. Because Defendant is committing or is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345(a)(1)(B), to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought.

30. As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering, international money laundering, and any money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

//

//

COMPLAINT - 8
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Respectfully submitted this 10th day of April, 2023.

          NICHOLAS W. BROWN
          United States Attorney

          *s/ Nickolas Bohl*
          NICKOLAS BOHL, WSBA #48978
          Assistant United States Attorney
          United States Attorney's Office
          700 Stewart Street, Suite 5220
          Seattle, Washington 98101-1271
          Phone: 206-553-7970
          Fax:   206-553-4067
          Email: nickolas.bohl@usdoj.gov

          *Counsel for United States of America*

COMPLAINT - 9
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the Western District of Washington and of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I caused said pleading to be mailed by USPS First Class Mail to Defendant, addressed as follows:

Walter Bailey
31117 Baltic Lane NE
Poulsbo, WA 98370

Dated this 10th day of April, 2023.

THOMAS EVERETT, Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-0882
E-mail: thomas.everett@usdoj.gov

COMPLAINT - 10
Case No. 23-CV-5306

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970